IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARIUS W., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 C 11335 |
| v. ) | |
| ) | Magistrate Judge Jeffrey I. Cummings |
| ANDREW SAUL, Commissioner ) | |
| of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Claimant's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. 42.) Claimant seeks $31,093.55 in fees and costs for the work counsel performed before the District Court and the Seventh Circuit, which recently remanded this matter back to the Social Security Administration ("SSA") for further proceedings. The Commissioner objects, arguing that his position was substantially justified. For the reasons set forth below, Claimant's motion for fees is granted in part.

**I.     Background**

   **A.     Procedural Background**

Claimant was eligible for Supplemental Security Income ("SSI") benefits as a child due to learning and phonological disorders. After turning eighteen, the SSA sent Claimant for a psychological evaluation to determine if he qualified for continued benefits under the adult standard for disability. Based on that evaluation, the SSA determined that Claimant was no longer disabled as of January 1, 2012 and terminated his benefits. Claimant requested

---

[1] In accordance with Internal Operating Procedure 22 - Privacy in Social Security Opinions, the Court refers to Claimant only by his first name and the first initial of his last name. Furthermore, Andrew Saul is substituted in this matter pursuant to Fed. R. Civ. P. 25(d) because he is now the Commissioner of Social Security.

reconsideration of that decision and ultimately appeared *pro se* before an Administrative Law Judge ("ALJ"). On May 2015, the ALJ issued a written decision denying Claimant's request for SSI benefits. Among other things, the ALJ determined that claimant had the residual functional capacity to perform "work consisting of simple, routine, and repetitive, one to two step tasks" with "flexible production rate requirements" and no "sustained verbal contact with the public." (R. at 25.) Based on this RFC and the Vocational Expert's ("VE") testimony, the ALJ determined at step five of the sequential analysis that Claimant could perform unskilled work in the representative positions of hand packer, assembler, and sorter. Consequently, the ALJ entered a finding of not disabled.

The Appeals Council denied Claimant's request for review of the ALJ's decision. On December 14, 2016, Claimant filed this action seeking reversal of the decision of the ALJ. On October 12, 2018, Magistrate Judge Michael Mason denied Claimant's motion for summary judgment and upheld the decision of the ALJ. (Dkt. 29.) In short, Judge Mason held that the ALJ obtained a valid waiver of representation from Claimant; properly determined that Claimant's impairments were not of listing level severity; properly assessed Claimant's subjective allegations; and made appropriate findings at step five based on the VE's testimony and substantial evidence in the record.

        B.        **The Seventh Circuit's Opinion on Appeal**

Claimant appealed Judge Mason's decision and, on October 29, 2019, the Seventh Circuit entered an order reversing the decision and remanding this matter to the SSA for further proceedings. *Williams v. Saul*, 782 Fed.Appx. 488, 493 (7th Cir. 2019). Despite numerous issues on appeal, the Seventh Circuit's order addressed only two issues in detail. First, the Seventh Circuit held that Claimant validly waived his right to representation before the ALJ.

According to the Court, the ALJ's oral and written notices to Claimant, along with Claimant's acknowledgment of receipt of the written notices, supported a valid waiver of counsel. *Id*. at 491-92.

Next, the Court addressed whether the ALJ's step five determination that Claimant could perform work as a hand packer, assembler, and sorter was supported by substantial evidence. On this issue, the Court first reiterated the ALJ's "heightened" duty to fully and fairly develop the record in the case of a claimant who is "unrepresented and has mental impairments." *Williams*, 782 Fed.Appx. at 492 (citations omitted). The Court noted that "[a] decision of no disability based on an incomplete record is reversible error if there is a 'significant' omission in the evidence—that is, one likely to have prejudiced the proceedings." *Id.* (citing *Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997)). Particular to step five, the Court explained that where a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT") is "apparent," the ALJ must ask for a reasonable explanation of the conflict. *Id*. (citing Social Security Ruling 00-4p, 2000 WL 1898704, at *4; *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009)).

Based on evidence in the record reflecting Claimant's minimal math skills, the Seventh Circuit found a "significant conflict" between the VE's testimony that Claimant could perform the jobs of hand packer, assembler, and sorter -- which the ALJ relied on -- and the definitions of the positions under the DOT, which included a level-one math proficiency. *Williams,* 782 Fed.Appx. at 492. Under the DOT, level-one math proficiency indicates the ability to add and subtract two digit numbers; multiply and divide 10's and 100's by 2, 3, 4, and 5; perform the four basic arithmetic operations with coins as part of a dollar; and perform operations with various units of measurements, *e.g.* cup, inch, pound. *Id*. (citing United States Dept. of Labor,

3

Dictionary of Occupational Titles 1011 (4th ed. 1991)). Because the record included evidence that Claimant could not consistently add or multiply single-digit numbers, perform serial threes, or any division, and was denied a job after failing a math test, the Court opined that Claimant "may struggle" to perform jobs that the DOT designates as requiring level-one math skills.[2] *Id*. The Court reasoned further:

> We recognize that jobs designated as requiring level-one math skills may not actually require the listed abilities. *See* Social Security Ruling 00–4p, 2000 WL 1898704, at *2–3 (explaining that the Dictionary "lists maximum requirements"). But the ALJ may set aside the Dictionary's job requirements based only on another "reliable source of occupational information." *Id*.; *accord Overman*, 546 F.3d at 464. Here, the record contains no such source because the ALJ did not ask the VE whether the Dictionary's listed math skills were real-world requirements. Thus, the ALJ's step-five finding is not supported by substantial evidence. *See Prochaska v. Barnhart*, 454 F.3d 731, 736 (7th Cir. 2006) (remanding where the jobs that the VE identified "as defined by the DOT" required "capabilities that are beyond [the claimant's] limitations"); *accord Overman*, 546 F.3d at 465 (remanding where "ALJ's ruling was premised entirely on testimony that conflicted with the DOT").

*Id.* at 492-93. As a result, and without addressing any additional issues on appeal, the Seventh Circuit remanded this matter to the SSA for "further proceedings to develop the record about whether jobs exist in the market that someone with [Claimant's] mathematical abilities can perform." *Id*. at 493. The instant motion for fees followed.

**II. Analysis**

Claimant now seeks $31,093.55 in fees and costs pursuant to the EAJA, 28 U.S.C. § 2412. Under the EAJA, a court may award reasonable fees and costs if (1) the claimant was a prevailing party; (2) the Commissioner's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the claimant files a complete

---

[2] Notably, a Judge in the Northern District previously equated level-one math to "fourth-grade math skills." *Hastings v. Astrue*, No. 08 CV 5041, 2010 WL 1609963, at *10 (N.D. Ill. Apr. 16, 2010). The record here demonstrates Claimant's math skills may have been at a second-grade level.

4

and timely application. 28 U.S.C. § 2412(d)(1)(A)-(B); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009).

The Commissioner does not dispute that Claimant was the prevailing party, that he filed a timely application, or that any special circumstances exist that would make an award unjust. Nor does the Commissioner object to the reasonableness of Claimant's counsel's requested fee. Instead, at issue here is whether the Commissioner's position was substantially justified.

### A. Standard for Substantial Justification

The Commissioner bears the burden of proving that either his pre-litigation conduct or his litigation position are "substantially justified." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner's position is substantially justified if "a reasonable person could conclude that the ALJ's opinion and the commissioner's defense of the opinion had a rational basis in fact and law." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011). Under this standard, the "Commissioner's position may be substantially justified even if it turns out to be completely wrong." *Id.*; *see also Blanchard v. Berryhill*, No. 16 CV 2117, 2017 WL 5191846, at *1 (N.D. Ill. Nov. 9, 2017) ("The EAJA does not require that the agency's arguments be correct in order for them to be substantially justified ..."). Additionally, "[w]hile the parties' postures on individual matters may be more or less justified, the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line items." *Commissioner, INS v. Jean*, 496 U.S. 154, 161 (1990); *see also Stewart*, 561 F.3d at 683-84 ("EAJA fees are not determined by the number of successful arguments, but a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified.").

The Supreme Court has "entrusted the question whether the commissioner's position is substantially justified to the discretion of the district court, in no small part because the analysis

5

is not susceptible to a firm rule or even a 'useful generalization.' " *Basset*, 641 F.3d at 859, *quoting Pierce v. Underwood*, 487 U.S. 552, 561-62 (1988). Nonetheless, certain guidelines have emerged. Generally speaking, a run-of-the-mill error in articulation by itself is not enough to render the Commissioner's position unjustified. *Bassett,* 641 F.3d at 860. Such an error in articulation might occur when the ALJ offered merely a "cursory and inadequate" analysis of an important point or failed to "connect all the dots in the analysis." *Id.* at 859-60 (quotations omitted). On the other hand, the Commissioner's position is less likely to be justified if the ALJ and the Commissioner "violated clear and long judicial precedent and violated the Commissioner's own Ruling and Regulations." *Golembiewski*, 382 F.3d at 724. Further, "[s]trong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees." *Id.* (citing to *Marcus v. Shalala,* 17 F.3d 1033, 1038 (7th Cir. 1994)).

### B. The Commissioner Has Not Met His Burden to Show His Position was Substantially Justified.

Claimant maintains that the Commissioner's position was not substantially justified in light of the Seventh Circuit's opinion remanding this matter for the ALJ's failure to comply with Social Security Ruling ("SSR") 00-4p. The Commissioner responds that his position was substantially justified because (1) the issue the Seventh Circuit remanded was a "close call with no clear authority from the Circuit;" (2) a reasonable person would agree that substantial evidence supported the ALJ's decision; and (3) Claimant presented eleven other arguments that did not persuade the District Court or Circuit Court. Respectfully, the Court disagrees.

First, contrary to the Commissioner's position, the ALJ's failure to abide by SSR 00-4p and the resulting remand was not a "close call." The Court acknowledges the lack of authority on the issue of mathematical development levels in the DOT. Nonetheless, as explained above,

6

the ALJ had a heightened duty to fully develop the record and an "affirmative responsibility" to ask about any possible conflicts between the VE's testimony and the DOT. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008) (citing SSR-004p, 2000 WL 1898704, at *4). Unfortunately, the ALJ did not ask the VE about the potential for conflict between Claimant's math abilities -- or rather, lack thereof -- and the requirements of the DOT positions, or about any other potential conflicts with the DOT for that matter. Instead, the ALJ stated in his decision, without analysis or supporting testimony from the VE: "Pursuant to SSR 00-4p, I have determined that the vocational expert's testimony is consistent" with the DOT. (R. at 32.)

The Seventh Circuit found the ALJ's error to be a clear violation of SSR 00-4p because of the "apparent" and "significant" conflict between Claimant's abilities and the level-one math proficiency of the DOT positions. As Claimant points out, a number of courts in the Circuit have found a lack of substantial justification where the ALJ failed to abide by SSR 00-4p. *See Morton v. Barnhart*, No. 03 CV 0995, 2005 WL 1528242, at *2 (S.D. Ind. June 28, 2005) ("Where the remand results from a straightforward failure to comply with the specific requirements of SSR 00-4p, the Commissioner's position, both before and during litigation, has not been substantially justified."); *Cruz v. Astrue*, No. 09 CV 262, 2011 WL 1157463, at *5 (N.D. Ind. Mar. 29, 2011) ("The ALJ's failure to comply with SSR 00-4p produced exactly the sort of remand that SSR was intended to avoid.") (internal quotations omitted); *Weitz v. Colvin*, No. 10 CV 493, 2015 WL 438167, at *1 (W.D. Wis. Feb. 3, 2015) (remanding for failure to comply with SSR 00-4p); *Moore v. Barnhart*, No. 00 CV 7808, 2002 WL 737286, at *2 (N.D. Ill. Apr. 25, 2002) (finding lack of substantial justification where ALJ failed to ask VE about the complexities of the jobs she was suggesting claimant could perform). In his response, the Commissioner does not address this line of cases, let alone attempt to distinguish them.

Second, on this record, the Commissioner's attempt to count arguments on which it did prevail is misplaced. *See Stewart*, 561 F.3d 683–84 (noting that EAJA fees are not determined by the number of successful arguments, but on the government's overall position); *Sommer v. Colvin*, No. 11 CV 50318, 2014 WL 3866254, at *3 (N.D. Ill. Aug. 6, 2014) ("[I]n determining whether the Commissioner's position was substantially justified the Court may not decide based on the number of issues on which the Commissioner prevailed as opposed to [claimant]."). Although "success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified," a position is less likely to be justified … if the ALJ and Commissioner violated clear and long judicial precedent and violated the Commissioner's own Ruling and Regulations." *Blackmon v. Colvin*, No. 14 CV 0184, 2017 WL 403563, at *2 (N.D. Ill. Jan. 30, 2017) (citations omitted). As explained above, the ALJ's failure to ask the VE if her testimony conflicted with the DOT constitutes such a violation. The ALJ's error was further compounded by Claimant's *pro se* status at the administrative level and his well-documented learning disabilities. More importantly, apart from the issue of waiver, the Seventh Circuit did not substantively address Claimant's remaining arguments on appeal. It would be improper to simply presume -- as the Commissioner does --- that she would have prevailed on those issues if the Court addressed them.

Lastly, the Court cannot ignore the strong language of the Seventh Circuit's opinion. Again, "[a] court's use of 'strong language' against the government's position on the merits of a case weighs toward a finding that the government's position is not substantially justified." *Thomas T. v. Saul*, No. 18 CV 3259, 2019 WL 4464323, at *2 (N.D. Ill. Sept. 18, 2019) (citing *Golembiewski*, 382 F.3d at 724). Here, the Court specifically noted the "considerable evidence that [Claimant] had the acumen of a second-grader" and found a "significant" and "apparent"

8

conflict between the VE's testimony and the DOT. Ultimately, the Court found the ALJ's step five finding was unsupported by substantial evidence. *Id.* Such language weighs against a finding of substantial justification even where, as here, this Court previously affirmed the Commissioner's position. *United States v. Thouvenot, Wade & Moerschen, Inc.,* 596 F.3d 378, 384 (7th Cir. 2010) ("[I]f it is apparent from our opinion that we think the government lacked a substantial justification for its position, though the judge had thought it not only substantially justified but correct, he must bow.").

In sum, this Court concludes that the Commissioner has not met his burden to show that his position was substantially justified. Consequently, an award of EAJA fees is appropriate.

### C.  Claimant's Counsel's Request for Fees is Reasonable.

Although the Commissioner does not object to the amount of Claimant's fee, the Court must ensure that the $31,093.55 Claimant seeks is reasonable. Counsel's request for fees is based on 42.9 hours of attorney time and 1 hour of paralegal time before the District Court and 100.5 hours of attorney time and 1 hour of paralegal time before the Seventh Circuit. In his reply, Claimant sought fees for an additional 5.1 hours of attorney time expended in preparing the reply. Claimant proposes an hourly rate for attorneys of $196.31 and $205.64 based on the national Consumer Price Index ("CPI") for the months of April 2017 and June 2019, the months in which the majority of the legal work was performed. With one minor adjustment, the Court finds Claimant's fee request to be reasonable.

#### 1. Number of Hours

When assessing fees under the EAJA, the "court should exclude from the 'fee calculation hours that were not reasonably expended.'" *Ruiz v. Colvin*, 14 CV 69, 2016 WL 2908287, at *3 (N.D. Ind. May 18, 2016), *quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). To

9

determine whether counsel's hours were reasonably expended, the court may consider factors "such as the complexity of the case, the number and type of issues raised, and the size of the administrative record." *Cummings v. Berryhill*, No. 14 CV 10180, 2017 WL 926766, at *1 (N.D. Ill. Mar. 8, 2017). The claimant bears the burden of proving hours were reasonably expended. *Hensley*, 461 U.S. at 436.

Here, the 148.5 hours of total attorney time expended before the District Court and the Seventh Circuit was reasonable. In appeals to the District Court, the "standard range for hours worked on Social Security litigation in the Seventh Circuit is 40-60 hours." *Bohannon v. Colvin*, No. 15 CV 111, 2017 WL 192334, at *2 (N.D. Ind. Jan. 18, 2017); *see also Spraggins v. Berryhill,* No. 16 CV 7304, 2018 WL 661553, at *1 (N.D. Ill. Feb. 1, 2018) ("Courts in this district have routinely held that 40 to 60 hours is a reasonable amount of time for attorneys to spend working on a social security appeal."). Given this range, the Court sees no reason to question the 42.9 hours expended before the District Court in this matter.

Naturally, an appeal to the Seventh Circuit may be more laborious and require more attorney hours than the appeal before the District Court. As such, a review of Seventh Circuit case law reveals that the total 148.5 hours attorney hours expended here is reasonable in a case litigated before the Seventh Circuit given the issues involved and the average sized record (535 pages). *Getch v. Astrue*, No. 06 CV 143, 2009 WL 89667, at *5 (N.D. Ind. Jan. 12, 2009) (granting award for 169.2 hours); *Banks v. Barnhart*, No. 01 CV 382, 2003 WL 22019796, at *5 (N.D. Ill. Aug. 26, 2003) (granting award for 143.2 hours); *Bates v. Colvin*, No. 11 CV 361, 2014 WL 2694198, at *2 (N.D. Ind. June 13, 2014) (granting award for approximately 140 hours); *see also Sammie R. v. Berryhill*, No. 16 CV 6358, 2019 WL 1057355, at *5 (N.D. Ill.

Mar. 6, 2019) (this Court finding that 143.6 hours "falls in the middle range of EAJA awards for cases appealed to the Seventh Circuit.").

With no objection from the Commissioner, the Court approves the 148.5 attorney hours and the two hours of paralegal time expended.

### 2. Hourly Rate

Again, Claimant proposes an hourly rate of $196.31 and $205.64 based on the national CPI for the months of April 2017 and June 2019.[3] Under the EAJA, an award of attorney's fees "shall be based upon the prevailing market rates for the kind and quality of services furnished, except that...attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living...justifies a higher fee." 28 U.S.C. § 2412(d)(1)(A)(ii). The EAJA compensation arrangement was last modified in 1996, when Congress set the current $125 maximum hourly rate. The Seventh Circuit has determined that "given the passage of time since the establishment of the [$125] hourly rate, a cost-of-living adjustment is warranted." *Trump v. Colvin*, No. 12 CV 6194, 2015 WL 970111, at *2 (N.D. Ill. Mar. 2, 2015) (citing *Tchemkow v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008)).

The Seventh Circuit has since clarified the appropriate measure for calculating the cost-of-living adjustment for EAJA petitions. In *Sprinkle v. Colvin,* 777 F.3d 421 (7th Cir. 2015), the Court determined that the CPI is sufficient "proof of an increase in the cost of living" and the court "should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed." *Trump*, 2015 WL 970111, at *2 (citing *Sprinkle*, 777 F.3d at 423). The *Sprinkle* decision does not necessarily create an automatic entitlement to a fee

---

[3] Claimant bills the two paralegal hours at $95.00 per hour, which is undoubtedly reasonable. *See Herrera v. Grand Sports Arena, LLC*, No. 17 CV 0452, 2018 WL 6511155, at *3 (N.D. Ill. Dec. 11, 2018) ("[S]everal recent decisions in this district have approved hourly rates ranging from $125 to $210 for paralegals.").

11

enhancement. Instead, in order to justify a higher rate, "claimants must still produce satisfactory evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." *Sprinkle,* 777 F.3d at 428. Moreover, "courts may not award claimants inflation-adjusted rates that are higher than prevailing market rates." *Trump,* 2015 WL 970111, at *3; *see also Sprinkle*, 777 F.3d at 429 ("to avoid the possibility of a 'windfall,' courts may not award an inflation-adjusted rate that is higher than the prevailing market rate in the community for comparable legal services").

In support of the increased hourly rate here, Claimant's counsel has submitted the national CPI and a number of sworn affidavits from attorneys in the field who attested to hourly non-contingent rates for comparable work between $250-550. Under Seventh Circuit precedent, this evidence is sufficient to support counsel's request for an inflation-adjusted rate. *See Sprinkle*, 777 F.3d at 429 ("Indeed, a district court might find, in its discretion, a single sworn statement from a claimant's attorney, setting forth the prevailing market rate, to be sufficient in some cases."). However, counsel bases his EAJA request on the national CPI. Though the Seventh Circuit has left it in the District Court's discretion whether to use the national or regional CPI, this Court has concluded on two prior occasions that the "regional CPI index is the appropriate factor to use when calculating the inflation-adjusted hourly rate." *Mitchell v. Berryhill*, No. 18 CV 735, 2019 WL 764043, at *2 (N.D. Ill. Feb. 21, 2019); *Sammie R. v. Berryhill,* No. 16 CV 6358, 2019 WL 1057355, at *4 (N.D. Ill. Mar. 6, 2019). "This is so because the hourly rate produced by use of the regional CPI best approximates the prevailing market rate in the community in which claimant's counsel performed their work." *Sammie R.*, 2019 WL 1057355, at *4. Consequently, the Court will award EAJA fees based on the regional CPI for April 2017 and June 2019.

**Conclusion**

In sum: The Court grants Claimant's motion for EAJA fees in part and approves 148.5 attorney hours at an hourly rate calculated under the regional CPI; 2 hours of paralegal time at $95.00 per hour; and $766.44 in costs. Within seven days of the entry of this order, Claimant shall submit a proposed order to the Court and opposing counsel setting forth the proper EAJA fee award based on the regional CPI. It is so ordered.

        **ENTERED:**

        */s/ Jeffrey I. Cummings*
        **Jeffrey I. Cummings**
        **United States Magistrate Judge**

**Dated:**     **June 25, 2020**